UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| Jennifer Jimenez, individually and on behalf of all others similarly situated;<br><br>Plaintiff,<br><br><br><br>-v.-<br>High Mountain Funding Inc.<br>d/b/a High Mountain Collections LLC,<br>Palisades Funding Corp.<br>and John Does 1-25.<br><br>Defendant(s). | Civil Action No: 7:20-cv-353<br><br>**CLASS ACTION COMPLAINT**<br><br>**DEMAND FOR JURY TRIAL** |

Plaintiff Jennifer Jimenez (hereinafter, "Plaintiff"), a New York resident, brings this Class Action Complaint by and through her attorneys, against Defendant High Mountain Collections LLC d/b/a High Mountain Funding Inc. (hereinafter "Defendant" or "High Mountain"), and Defendant Palisades Funding Corp. (hereinafter "Defendant" or "Palisades"), individually and on behalf of a class of all others similarly situated, pursuant to Rule 23 of the Federal Rules of Civil Procedure, based upon information and belief of Plaintiff's counsel, except for allegations specifically pertaining to Plaintiff, which are based upon Plaintiff's personal knowledge.

**INTRODUCTION/PRELIMINARY STATEMENT**

1.      Congress enacted the Fair Debt Collection Practices Act ("FDCPA") in 1977 in response to the "abundant evidence of the use of abusive, deceptive, and unfair debt collection practices by many debt collectors." 15 U.S.C. §1692(a). At that time, Congress was concerned that "abusive debt collection practices contribute to the number of personal bankruptcies, to

1

material instability, to the loss of jobs, and to invasions of individual privacy." *Id.* Congress concluded that "existing laws…[we]re inadequate to protect consumers," and that "'the effective collection of debts" does not require "misrepresentation or other abusive debt collection practices." 15 U.S.C. §§ 1692(b) & (c).

2. Congress explained that the purpose of the Act was not only to eliminate abusive debt collection practices, but also to "insure that those debt collectors who refrain from using abusive debt collection practices are not competitively disadvantaged." ld. § 1692(e). After determining that the existing consumer protection laws ·were inadequate~ id § l692(b), Congress gave consumers a private cause of action against debt collectors who fail to comply with the Act. Id. § 1692k.

## JURISDICTION AND VENUE

3. The Court has jurisdiction over this class action pursuant to 28 U.S.C. § 1331 and 15 U.S.C. § 1692 et. seq.  The Court also has pendent jurisdiction over the State law claims in this action pursuant to 28 U.S.C. § 1367(a).

4. Venue is proper in this judicial district pursuant to 28 U.S.C. § 1391(b)(2) as this is where a substantial part of the events or omissions giving rise to the claim occurred.

## NATURE OF THE ACTION

5. Plaintiff brings this class action on behalf of a class of New York consumers under §1692 et seq. of Title 15 of the United States Code, commonly referred to as the Fair Debt Collections Practices Act ("FDCPA").

6. Plaintiff is seeking damages and declaratory and injunctive relief.

## PARTIES

7.     Plaintiff Jennifer Jimenez is a resident of the State of New York, County of Bronx, residing at 1382 Shakespeare Avenue, Bronx, NY, 10452.

8.     High Mountain is a "debt collector" as the phrase is defined in 15 U.S.C. § 1692(a)(6) and used in the FDCPA with an address at 5 Sicomac Road, North Haledon, NJ 07508.

9.     Upon information and belief, Defendant High Mountain is a company that uses the mail, telephone, and facsimile and regularly engages in business the principal purpose of which is to attempt to collect debts alleged to be due another.

10.    Defendant Palasiades is a "debt collector" as the phrase is defined in 15 U.S.C. § 1692(a)(6) and used in the FDCPA with an address at 150 River Road, Unit G1, Montville, NJ 07045.

11.    Upon information and belief, Defendant Palasiades is a company that uses the mail, telephone, and facsimile and regularly engages in business the principal purpose of which is to attempt to collect debts alleged to be due another.

12.    John Does l-25, are fictitious names of individuals and businesses alleged for the purpose of substituting names of Defendants whose identities will be disclosed in discovery and should be made parties to this action.

## CLASS ALLEGATIONS

13.    Plaintiffs bring this claim on behalf of the following case, pursuant to Fed. R. Civ. P. 23(a) and 23(b)(3).

14.    The Class consists of:

    a.  all individuals with addresses in the State of New York;

    b.  to whom High Mountain sent a collection letter attempting to collect a consumer debt;

    c.  on behalf of Defendant Palisaides;

   d. after receiving notice of a consumer's bankruptcy discharge;

   e. which letter was sent on or after a date one (1) year prior to the filing of this action and on or before a date twenty-one (2l) days after the filing of this action.

15. The identities of all class members are readily ascertainable from the records of Defendants and those companies and entities on whose behalf they attempt to collect and/or have purchased debts.

16. Excluded from the Plaintiff Classes are the Defendants and all officer, members, partners, managers, directors and employees of the Defendants and their respective immediate families, and legal counsel for all parties to this action, and all members of their immediate families.

17. There are questions of law and fact common to the Plaintiff Classes, which common issues predominate over any issues involving only individual class members. The principal issue is whether the Defendant's collection actions such as the case at hand, violate 15 U.S.C. §§ l692e, and 1692f.

18. The Plaintiffs' claims are typical of the class members, as all are based upon the same facts and legal theories. The Plaintiffs will fairly and adequately protect the interests of the Plaintiff Classes defined in this complaint. The Plaintiffs have retained counsel with experience in handling consumer lawsuits, complex legal issues, and class actions, and neither the Plaintiffs nor their attorneys have any interests, which might cause them not to vigorously pursue this action.

19. This action has been brought, and may properly be maintained, as a class action pursuant to the provisions of Rule 23 of the Federal Rules of Civil Procedure because there is a well-defined community interest in the litigation:

a. **Numerosity:** The Plaintiffs are informed and believe, and on that basis allege, that the Plaintiff Classes defined above are so numerous that joinder of all members would be impractical.

b. **Common Questions Predominate:** Common questions of law and fact exist as to all members of the Plaintiff Classes and those questions predominance over any questions or issues involving only individual class members. The principal issue is whether the Defendant's communications to consumers, in the forms such as in this matter violate 15 U.S.C. § l692e, and §1692f.

c. **Typicality:** The Plaintiff's claims are typical of the claims of the class members. The Plaintiffs and all members of the Plaintiff Classes have claims arising out of the Defendants' common uniform course of conduct complained of herein.

d. **Adequacy:** The Plaintiffs will fairly and adequately protect the interests of the class members insofar as Plaintiffs have no interests that are adverse to the absent class members. The Plaintiffs are committed to vigorously litigating this matter. Plaintiffs have also retained counsel experienced in handling consumer lawsuits, complex legal issues, and class actions. Neither the Plaintiffs nor their counsel have any interests which might cause them not to vigorously pursue the instant class action lawsuit.

e. **Superiority:** A class action is superior to the other available means for the fair and efficient adjudication of this controversy because individual joinder of all members would be impracticable. Class action treatment will permit a large number of similarly situated persons to prosecute their common claims in a single

forum efficiently and without unnecessary duplication of effort and expense that individual actions would engender.

20. Certification of a class under Rule 23(b)(3) of the Federal Rules of Civil Procedure is also appropriate in that the questions of law and fact common to members of the Plaintiff Classes predominate over any questions affecting an individual member, and a class action is superior to other available methods for the fair and efficient adjudication of the controversy.

21. Depending on the outcome of further investigation and discovery, Plaintiffs may, at the time of class certification motion, seek to certify a class(es) only as to particular issues pursuant to Fed. R. Civ. P. 23(c)(4).

## FACTUAL ALLEGATIONS

22. Plaintiff repeats, reiterates and incorporates the allegations contained in paragraphs numbered above herein with the same force and effect as if the same were set forth at length herein.

23. On a date better known to Defendant Palisades ("Original Creditor"), the Plainiff incurred an obligation.

24. The Palisades obligation arose out of transactions in which money, property, insurance or services, which are the subject of the transaction, are primarily for personal, family or household purposes.

25. The Palisades obligation is a "debt" as defined by 15 U.S.C. §1692a(5).

26. Palisades is a "creditor" as defined by 15 U.S.C. § 1692a(4).

27. Palisades or a subsequent owner of the debt contracted Defendant High Mountain to collect the alleged debt.

28. Defendant High Mountain collects and attempts to collect debts incurred or alleged to have been incurred for personal, family or household purposes on behalf of creditors using the United States Postal Services, telephone and internet.

*Violation I- March 22, 2019 High Mountain Collection Letter*

29. On July 3, 2018, Plaintiff filed a Chapter 7 petition in the United States Bankruptcy Court, Southern District of New York, case number 18-12055, invoking the protection of the automatic stay pursuant to 11 U.S.C. §362.

30. Plaintiff listed Defendant Palisades ("Original Creditor") as a creditor for a debt ("subject debt") on her Schedule F. The Schedule F was served by mail to Defendant Palisades.

31. Plaintiff's 341 (a) meeting of creditors was held on August 3, 2018.

32. No representative of the Original Creditor attended the meeting of the creditors.

33. On October 3, 2018, the Plaintiff received an Order of Discharge of all debts included in her bankruptcy petition pursuant to 11 U.S.C. §727, including the "subject debt".

34. The discharge order effectuated a discharge of the debt as to the Original Creditor, providing as follows:

> The discharge prohibits any attempt to collect from the debtor a debt that has been discharged. For example, a creditor is not permitted to contact a debtor by mail, phone, or otherwise…. To collect a discharged debt from the debtor.

35. Pursuant to 11 U.S.C. § 524, the Order of Discharge invoked the protections of the discharge injunction, prohibiting any acts to collect upon the subject debtor by Defendants Palisades and High Mountain, or any other party.

36. Despite receiving these notifications, on or around March 22, 2019 the Defendant High Mountain sent the Plaintiff a collection letter (the "letter") regarding the discharged debt owed to Defendant Palisades. See Letter attached hereto as Exhibit A.

37. The collection notice specifically demanded payment for a discharged debt.

38. The Defendant's should have had systems in place to prevent the collection efforts from continuing after receiving the notices regarding the bankruptcy filing and discharge.

39. Defendant's attempt to collect a debt from the Plaintiff, was an illegal practice.

40. Defendant's attempt to collect a debt from the Plaintiff, constitute the threat to take an action that cannot legally be taken or that is not intended to be taken because Defendant's cannot collect a discharged debt.

41. Defendant's attempt to collect a debt from the Plaintiff, constitutes harassment and the unfair and unconscionable means to collect a debt.

42. Defendant's attempt to collect a debt from Plaintiff, were deceptive and misleading and caused the Plaintiff to be upset and confused about the status of the debt.

43. As a result of Defendant's deceptive, misleading and unfair debt collection practices, Plaintiff has been damaged.

## COUNT I
**VIOLATIONS OF THE FAIR DEBT COLLECTION PRACTICES ACT 15 U.S.C. §1692 *et seq.***

44. Plaintiff repeats, reiterates and incorporates the allegations contained in paragraphs numbered above herein with the same force and effect as if the same were set forth at length herein.

45. Defendant's debt collection efforts attempted and/or directed towards the Plaintiff violated various provisions of the FDCPA, including but not limited to 15 U.S.C. § 1692e.

46. Pursuant to 15 U.S.C. §1692e, a debt collector may not use any false, deceptive, or misleading representation or means in connection with the collection of any debt.

47. Defendant violated §1692e:

   a. As the Letter was a collection attempt on a debt no longer owed by Plaintiff it was in violation of §1692e(2), and §1692e(5).

   b. By making a false and misleading representation it was in violation of §1692e(10).

48. Defendant's debt collection efforts attempted and/or directed towards the Plaintiff violated various provisions of the FDCPA, including but not limited to 15 U.S.C. § 1692f.

49. Pursuant to 15 U.S.C. §1692f, a debt collector may not use any unfair or unconscionable means in connection with the collection of any debt.

50. Defendant's violated this section by falsely threatening the Plaintiff that this debt was still owed.

51. Defendants violated 15 U.S.C. §§ 1692b(6) and 1692c(a)(2) as they knew of had reason to know that Plaintiff was represented by counsel and counsel did not consent to communication with the Plaintiff.

52. As an experienced debt collector, Defendants knew of should have known not to send bills to a debtor that is protected by the Order of Discharge.

53. Defendants knew or should have known that Plaintiff's pre-petition debt was uncollectable at the time due to the Order of Discharge.

54. Defendants appears to have no system in place to identify and cease the collection of debts included in or discharged in bankruptcy.

55. Defendant's failure to scan their database to prevent the unlawful collection of the subject debt was willful.

56. Plaintiff suffered from Defendant's unlawful collection activities.

57. Plaintiff suffered from emotional distress due to Defendant's unlawful attempts to collect the subject debt, as she was led by Defendant's collection activities, to believe her bankruptcy had no effect. The dunning letter was highly confusing to Plaintiff.

58. Plaintiff felt that she still owed the debt to Defendants, although she had included it in her bankruptcy, and thus rendering the bankruptcy process ineffective in helping her discharge the subject debt.

59. Plaintiff was unduly inconvenienced and harassed by Defendant's unlawful attempts to collect the subject debt.

60. Concerned about the violations of her rights and protections that were expected by her bankruptcy filing, Plaintiff sought the assistance of counsel to ensure that Defendant's collection efforts ceased.

61. Plaintiff has expended time consulting with her attorneys and has incurred costs as a result of Defendant's deceptive collection actions.

62. By reason thereof, Defendants are liable to Plaintiff for judgment that Defendant's conduct violated §1692 et seq. of the FDCPA, actual damages, statutory damages, costs and attorney's fees.

## COUNT II
## VIOLATIONS OF THE BANKRUPTCY DISCHARGE INJUNCTION

63. Plaintiff repeats and re-alleges the above paragraphs as fully set forth herein.

64. The United States Bankruptcy Code prohibits and operates as an injunction against any act, to collect, recover, or offset any debt owed by the debtor pursuant to 11 U.S.C. §§524(a)(2)-(3).

65. Plaintiff's discharge order effectuated a discharge of the debt to Defendants providing as follows:

> The discharge prohibits any attempt to collect from the debtor a debt that has been discharged. For example, a creditor is not permitted to contact a debtor by mail, phone, or otherwise….to collect a discharged debt from the debtor.

66. The debt owed to Defendant is such a debt that the Discharge Injunction is designed to prevent creditors and collectors from continuing to collect, assess or recover against the Plaintiff after the Order of Discharge.

67. "Section 524(a)(2) enjoins an act to collect a discharged debt, so a creditor that attempts to collect a discharged debt is in contempt of the bankruptcy court that issued the order of discharge" *Cox v. Zale Delaware, Inc.,* 239 F.3d 910, 915 (7th Cir. 2001).

68. As the Defendants were notified of the bankruptcy filing, the actions taken by Defendants to collect on this debt while the Plaintiff was under the protection of the Discharge Injunction was willful.

69. Plaintiff suffered from Defendant's unlawful collection activities.

70. Plaintiff suffered from emotional distress due to Defendant's unlawful attempts to collect the subject debt, as she was led, by Defendant's collection activities, to believe her bankruptcy had no effect. The billing statement was highly confusing to Plaintiff.

71. Plaintiff was unduly inconvenienced and harassed by Defendant's unlawful attempts to collect the subject debt.

72. Concerned about the violation of her rights, and due to the protections, she expected as a result of her bankruptcy filing, Plaintiff sought the assistance of counsel to ensure that Defendant's collection efforts ceased.

73. Plaintiff has expended time consulting with her attorneys and has incurred attorney's fees as a result of Defendant's deceptive collection actions.

74. Plaintiff is entitled to actual damages, attorney's fees, and costs for Defendant's willful violations of the discharge injunction. Plaintiff is also entitled to punitive damages for Defendant's defiance of the Bankruptcy Code and its provisions.

75. The Court should award punitive damages to deter Defendant from future misconduct.

## DEMAND FOR TRIAL BY JURY

76. Pursuant to Rule 38 of the Federal Rules of Civil Procedure, Plaintiff hereby requests a trial by jury on all issues so triable.

## PRAYER FOR RELIEF

**WHEREFORE**, Plaintiff Jennifer Jimenez, individually and on behalf of all others similarly situated, demands judgment from Defendant High Mountain Funding Inc. d/b/a High Mountain Collections LLC and Defendant Palisades Funding Corp. as follows:

1. Declaring that this action is properly maintainable as a Class Action and certifying Plaintiff as Class representative, and Uri Horowitz, Esq. as Class Counsel;

2. Awarding Plaintiff and the Class statutory damages;

3. Awarding Plaintiff and the Class actual damages;

4. Awarding Plaintiff and the Class punitive damages;

5. Awarding Plaintiff costs of this Action, including reasonable attorneys' fees and expenses;

6. Awarding pre-judgment interest and post-judgment interest; and

7. Awarding Plaintiff and the Class such other and further relief as this Court may deem just and proper.

Dated: January 14, 2020   Respectfully Submitted,

**Horowitz Law, PLLC**
/s/ Uri Horowitz
Uri Horowitz, Esq.
14441 70th Road
Flushing, NY 11367
Ph:  718-705-8706
Fax: 718-705-8705
uri@horowitzlawpllc.com
*Counsel for Plaintiff*